UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRYL LEWIS,  
a/k/a DARRYL JACKSON,

 Plaintiff,

v.           No. 3:09cv666 (MRK)

ROBERT E. BORNSTEIN and NESTOR CARABALLO,

 Defendants.

## RULING AND ORDER

Plaintiff Darryl Lewis, a/k/a Darryl Jackson, is currently confined at Devens Federal Medical Center in Ayer, Massachusetts. He brings this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), *pro se* and *in forma pauperis*. He alleges that the Defendants, Federal Bureau of Investigation ("FBI") Special Agent Robert Bornstein and Task Force Detective Nestor Caraballo violated Mr. Lewis's Fourth and Fourteenth Amendment Rights during the investigation leading to his arrest for a federal narcotics offense in September 2007, and that he was thereby subjected to false arrest and malicious prosecution. As relief for the alleged violations of his rights, Mr. Lewis seeks punitive and compensatory damages. Defendants move to dismiss the action. *See* Second Mot. to Dismiss [doc. # 31].

### I.

We assume the parties' familiarity with the facts and will not recite them in detail here. Only a few central facts are relevant to the Court's decision. As it must, the Court accepts the factual allegations in Mr. Lewis's Second Amended Complaint [doc. # 22] as true, and draws all

reasonable inferences in Mr. Lewis's favor.  *See Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).

Mr. Lewis was arrested for a federal narcotics offense on September 25, 2007.  The arrest was made without a warrant, and probable cause for the arrest was based on Defendants' seizure of certain evidence during a search of a business called B&D Distributors earlier that day.  According to Mr. Lewis, the evidence recovered at B&D Distributors should have been suppressed under the fruit-of-the-poisonous-tree doctrine, because it was obtained as a result of an "invalid search of [Mr. Lewis's] residence" several days earlier.  Mem. of Law in Supp. of Second Amended Compl. [doc. # 22] at 5, 10.  Specifically, Mr. Lewis alleges that the search of his residence was illegal because the warrant for that search was not supported by probable cause, but rather was issued on the basis of false and misleading statements by the Defendants in their warrant application.  Moreover, Mr. Lewis alleges that the Defendants' search of his residence and seizure of documents referencing B&D Distributors exceeded the scope of that warrant.  According to Mr. Lewis, those alleged actions by Defendants violated his Fourth Amendment and Fourteenth Amendment rights,[1] and resulted in his false arrest and malicious prosecution.

On December 11, 2007, a grand jury in the United States District Court for the District of Connecticut returned an indictment charging Mr. Lewis with conspiracy to manufacture, to possess with intent to distribute, and to distribute, 1 kilogram or more of a mixture or substance

---

[1]  As Defendants note, "[t]he exact nature of [Mr.] Lewis's Fourteenth Amendment claim is unclear."  Mem. in Supp. of Mot. to Dismiss [doc. # 31-1] at 4 n.3.  Like Defendants, the Court assumes that Mr. Lewis is asserting that Defendants' alleged actions constituted due process violations.  However, because "the Fourth Amendment provides an explicit textual source of constitutional protection" against actions of the sort Mr. Lewis alleges, *Graham v. Connor*, 490 U.S. 386, 395 (1989), the Court construes Mr. Lewis's assertion that Defendants violated his Fourteenth Amendment rights as a Fourth Amendment claim.

containing a detectable amount of phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iv). On September 14, 2009, Judge Ellen Bree Burns dismissed that indictment without prejudice on speedy trial grounds. *See United States v. Lewis*, No. 3:07cr292 (EBB) (D. Conn. Sept. 14, 2009). On September 15, 2009, a new indictment was returned, charging Mr. Lewis with five counts, including, among others, conspiracy to manufacture, to possess with intent to distribute, and to distribute phencyclidine, in violation of 21 U.S.C. § 846; and possession with intent to distribute and distribution of phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). *See United States v. Lewis*, No. 3:09cr209 (EBB) (D. Conn. Sept. 15, 2009). On January 28, 2010, Mr. Lewis pled guilty to Count Two of that second indictment, which charged him with possession with intent to distribute and distribution of phencyclidine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Final judgment in that case issued on July 8, 2010; Mr. Lewis was sentenced to eighty-four months imprisonment followed by sixty months of supervised release.

Mr. Lewis filed his original complaint in this Court on April 22, 2009. *See* Compl. [doc. # 2]. On May 12, 2009, the Court issued an Initial Review Order [doc. # 4] directing the Clerk to administratively close the case file pending the result of Mr. Lewis's criminal case. On December 9, 2009, the Court issued a Corrected Initial Review Order [doc. # 12] that dismissed Mr. Lewis's claims against Defendants in their official capacities, and stayed the claims against Defendants in their individual capacities pending the outcome of Mr. Lewis's criminal case. On July 19, 2010, Mr. Lewis filed a Motion [doc. # 13] requesting that the stay on his case be lifted and that he be permitted to amend his complaint. On July 20, 2010, the Court granted that motion and directed the Clerk to reopen the case. On August 17, 2010, Defendants filed their first Motion to Dismiss [doc. # 15]. On August 23, 2010, Mr. Lewis filed his First Amended

Complaint [doc. # 16]; on September 9, 2010, Mr. Lewis filed a Memorandum in Opposition [doc. # 17] to Defendants' first Motion to Dismiss [doc. # 19]; and on September 17, 2010, Mr. Lewis filed his Second Amended Complaint [doc. # 22]. On September 20, 2010, the Court issued an order denying the Defendants' first Motion to Dismiss without prejudice to renewal. On October 28, 2010, Mr. Lewis filed a Motion to Appoint Counsel [doc. # 30]. On November 5, 2010, Defendants filed the pending Second Motion to Dismiss [doc. # 31] pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, arguing that insofar as Mr. Lewis's *Bivens* action calls into question the validity of Mr. Lewis's criminal conviction, the action must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), and in the alternative, that Defendants are entitled to qualified immunity. Mr. Lewis filed his Response [doc. # 38] on December 13, 2010. Defendants filed a Reply [doc. # 44] on January 10, 2010. On January 21, 2010, Mr. Lewis filed a new Motion to Amend [doc. # 45], as well as a Motion to Compel Discovery [doc. # 46].

For the reasons that follow, the Court GRANTS Defendants' Motion to Dismiss [doc. # 31], DENIES Mr. Lewis's Motion to Amend [doc. # 45], and DENIES Mr. Lewis's Motion to Appoint Counsel [doc. # 30] and Motion to Compel Discovery [doc. # 46] as moot.

**II.**

The standard of review this Court must apply on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is a familiar one. In reviewing a complaint for failure to state a claim, the Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes*, 568 F.3d at 335. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556; *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010) ("[W]e reject [the] contention that *Twombly* and *Iqbal* require the pleading of specific evidence or extra facts beyond what is needed to make the claim plausible."). "A complaint is deemed to include any written instrument attached to it as an exhibit," as well as "materials incorporated in [the complaint] by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations and quotation marks omitted).

**III.**

Defendants are correct that Mr. Lewis's claims against the Defendants are barred under *Heck v. Humphrey*, 512 U.S. 477. Mr. Lewis has not stated a claim upon which relief may be granted because he seeks damages for actions whose unlawfulness would invalidate his criminal conviction – a conviction that has not yet been nullified in any respect. In *Heck*, the Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Because of the similarity between suits under § 1983 and suits under *Bivens*, the Second Circuit has concluded that the reasoning of *Heck* applies in *Bivens* actions as well. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

In this case, Mr. Lewis was convicted following his arrest and prosecution, and that conviction has not been reversed on appeal or "called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Because a conviction – unless it has been reversed – is "conclusive evidence" that there existed probable cause for the defendant's arrest, *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), and because absence of probable cause is a necessary element in an action for false arrest, *see id.*, it would be impossible for the Court to find for Mr. Lewis on his false arrest claim without implying the invalidity of his conviction. The Court cannot find for Mr. Lewis on his malicious prosecution claim without implying the invalidity of his conviction because to prevail on a claim of malicious prosecution under federal law, "a plaintiff must show that the defendant maliciously commenced or continued against the plaintiff a criminal proceeding *that ended in the plaintiff's favor*." *Marshall v. Sullivan*, 105 F.3d 47, 50 (2d Cir. 1996) (emphasis added). Thus, Mr. Lewis's *Bivens* claims are barred under *Heck*.

In his Response to the Motion to Dismiss, Mr. Lewis argues that this action is not barred under *Heck* because "his conviction and sentence rested on his guilty plea – and not on the admission of any seized evidence." Response [doc. # 38] at 12. He also claims that his "guilty plea in no way constituted an admission that the search of his apartment was proper under the Fourth Amendment," and he insists that during the course of his criminal case, he "made no concession with respect to the Fourth Amendment claim." *Id.*

Mr. Lewis's arguments misunderstand the reasoning in *Heck*. The essence of Mr. Lewis's complaint is that because of the Defendants' alleged Fourth Amendment violations, the evidence obtained during the search of his apartment and business should have been suppressed, and both his arrest and prosecution were invalid. If Mr. Lewis's arrest and prosecution were invalid, then his conviction must be invalid as well. *Cf. Weyant*, 101 F.3d at 852; *Marshall*, 105 F.3d at 50.

6

The fact that Mr. Lewis's conviction was the result of a guilty plea rather than a verdict following a trial does not change this analysis. *See Timmins v. Toto*, 91 F. App'x 165, 166-67 (2d Cir. 2004) (summary order); *Maietta v. Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996). Mr. Lewis's claims are barred under *Heck* because there is no way that the Court could find for Mr. Lewis on those claims without implying the invalidity of his conviction. *See Heck*, 512 U.S. at 486-87.

For the foregoing reasons, the Court finds that Mr. Lewis's Second Amended Complaint fails to state a claim upon which relief may be granted, and the Court therefore must dismiss Mr. Lewis's claims pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

**IV.**

Mr. Lewis filed a Motion to Amend [doc. # 45] after briefing on Defendants' Motion to Dismiss was complete. Although leave to amend should be granted liberally, the Court may deny leave to amend where amendment would be futile. *See Min Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

In his Motion to Amend, Mr. Lewis states that he wishes to amend his Second Amended Complaint in order to (1) "correct all deficiencies [noted by] defense counsel"; (2) to add the name "Darryl Jackson" to all correspondence; and (3) "for issues not raised in [the] original complaint that must be raised to give [the] defense all information." *See* Motion to Amend [doc. # 45] at 1. With his Motion to Amend, Mr. Lewis submitted a Proposed Amended Complaint [doc. # 45-1]. The Proposed Amended Complaint does not cure the defects identified in this Ruling and Order, and indeed for the reasons previously stated those defects cannot be cured so long as Mr. Lewis's conviction remains intact. Therefore, the Court concludes that amendment would be futile, and Mr. Lewis's Motion to Amend [doc. # 45] is DENIED.

Mr. Lewis's Motion to Appoint Counsel [doc. # 30] and Motion to Compel Discovery

[doc. # 46] are DENIED as moot.

V.

In sum, the Court concludes that the claims stated in Mr. Lewis's Second Amended Complaint [doc. # 22] are barred under *Heck v. Humphrey*, 512 U.S. 477, and that amendment of the complaint would be futile. Defendants' Motion to Dismiss [doc. # 31] is therefore GRANTED.  **The Clerk of the Court is directed to enter judgment for Defendants and to close this file.**

IT IS SO ORDERED.

/s/ ___Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: January 28, 2011.**